# IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| B.I., a Minor, by and through MAGGIE M. INGRAM, her Parent and Natural Guardian, and MAGGIE M. INGRAM, individually,<br><br>Plaintiffs,<br><br>v.<br><br>MICHAEL J. COOMER; and ROCKWELL TRANSPORTATION, INC.,<br><br>Defendants. | Civil Action No.: 1:23-cv-106<br><br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT IN CIVIL ACTION

AND NOW, come the Plaintiffs, B.I., a minor, by and through Maggie M. Ingram, her parent and natural guardian, and Maggie M. Ingram, individually, by and through their undersigned counsel, Brendan B. Lupetin, Esquire, and the law firm of Lupetin & Unatin, LLC and file the following Complaint in Civil Action, averring as follows:

### PARTIES AND BACKGROUND

1. Plaintiff, B.I., a Minor (hereafter "Minor Plaintiff") is a resident of Youngsville, Warren County, Pennsylvania where she resides with her parent and natural guardian, Maggie M. Ingram.

2. Plaintiff, Maggie M. Ingram, (hereafter "Plaintiff Ingram"; Minor Plaintiff and Plaintiff Ingram hereafter collectively "Plaintiffs") is an adult individual resident of Youngsville, Warren County, Pennsylvania.

3. Defendant, Michael J. Coomer, is an adult individual resident of Imlay City, Lapeer County, Michigan.

1

4. Defendant Rockwell Transportation, Inc., (hereafter "Rockwell") is a Michigan corporation with its principal place of business located at 30142 S Wixom Road, Wixom, Michigan 48393.

5. At all material times, Defendant Rockwell includes and included any and all parents, subsidiaries, affiliates, divisions, franchises, partners, joint ventures, and organization units of any kind, predecessors, successors and assigns and their officers, directors, employees, agents, representatives and any and all other persons acting on their behalf.

6. At all material times, Defendant Michael Coomer was the agent and employee of Defendant Rockwell, and was at all times acting within the purpose, course, and scope of such agency and employment and is vicariously liable under the theory of respondeat superior for the actions and inactions of its employees and contractors, including Defendant Michael Coomer.

7. At all materials times, each of the Defendants were either joint tortfeasors with other Defendants, were concurrently or jointly and severally liable and/or otherwise derivatively or vicariously liable for the events described herein, which caused Plaintiff's injuries and damages described in this Complaint.

## JURISDICTION AND VENUE

8. This court has jurisdiction of plaintiffs' federal law claims pursuant 28 U.S. Code § 1332, and jurisdiction over plaintiffs' state law claims pursuant to principals of pendant and ancillary jurisdiction.

9. The amount of Plaintiffs' damages exceeds $75,000 respectively.

10. Venue is proper in this district pursuant to 28 U.S.C. §1391 because the cause of action upon which the complaint is based arose in Warren County, Pennsylvania, which is in the Western District of Pennsylvania.

## OPERATIVE FACTS

11. Plaintiffs incorporate by reference all allegations contained in this Complaint.

12. On or about April 14, 2021, at approximately 2:51 p.m., Defendant Michael Coomer, in the course and scope of his employment with Defendant Rockwell, operating a semitruck, owned or leased by Defendant Rockwell, was travelling east on Pennsylvania State Route 6, when Defendant Michael Coomer in a negligent and reckless manner, violently crashed into the rear of a vehicle in which Plaintiffs were passengers.

13. Plaintiffs suffered serious injury because of the aforementioned crash.

## COUNT I – NEGLIGENCE

**B.I., a minor, by and through Maggie M. Ingram, her parent and natural guardian v. Michael J. Coomer**

14. Plaintiffs incorporate by reference all allegations contained in this Complaint.

15. At all relevant times, all named Defendant Michael Coomer, owed Minor Plaintiff a duty of care to drive prudently, safely and within the bounds of the law, including a duty to exercise reasonable care, reasonable and prudent under the circumstances, while driving a commercial vehicle on a roadway including controlling the location, lookout, and speed of the vehicle as necessary to avoid colliding with any object, person or vehicle, including the vehicle occupied by Plaintiffs.

16. At all relevant times, Defendant Michael Coomer was a professional driver with a commercial driver's license.

17. At all relevant times, Defendant Michael Coomer, was driving a commercial motor vehicle in interstate commerce and was subject not only to Pennsylvania traffic laws and trucking safety regulations, but also the Federal Motor Carrier Safety Regulations.

18. Defendant Michael Coomer, operating the semi-truck, breached his duty of care owed to Minor Plaintiff when he operated his commercial vehicle in such a negligent manner so as to cause the aforementioned crash, in which Minor Plaintiff was seriously injured, in all or some of the following ways:

   a. Failure to maintain control of his vehicle;

   b. Failure to keep a proper lookout for traffic;

   c. Failure to properly apply his break as the circumstances required;

   d. Failing to maintain a safe distance from the vehicles in front of him;

   e. Failing to operate his vehicle at a reasonably safe speed as the circumstances required;

   f. Violating the Federal Motor Carrier Safety Regulations, including, without limitations, failing to operate his semitruck with trailer attached in a safe and reasonable manner; violations of which constitute negligence per se; and

   g. Otherwise failing to act reasonably and prudently as a professional commercial drier should under the circumstances.

19. The aforementioned crash and injuries were caused solely by the negligence of Defendants without any negligence or contribution on the part of the Plaintiffs.

20. As the direct and proximate result of the Defendants negligent acts, errors, and/or omissions, Minor Plaintiff sustained serious personal injuries and suffered pain, anxiety, and emotional anguish, as well as a general decrease in the enjoyment of life.

21. As a further and direct and proximate result of the events set forth in this Complaint, Minor Plaintiff has incurred medical expenses and will continue to incur such expenses in the future. Plaintiff's injuries will have a permanent, debilitating, and residual effect on Minor Plaintiff.

WHEREFORE, Minor Plaintiff demands compensatory and punitive damages against Defendant Michael J. Coomer and Rockwell Transportation, Inc., jointly and severally, plus costs, interest, attorney's fees, delay damages, and any and all other damages the court and/or fact finder deems appropriate.

## COUNT II – NEGLIGENCE

**B.I., a minor, by and through Maggie M. Ingram, her parent and natural guardian
v. Rockwell Transportation, Inc.**

22. Plaintiffs incorporate by reference all allegations contained in this Complaint.

23. At all relevant times, Defendant Michael Coomer was an employee or agent of Defendant Rockwell and/or Defendant M&K, acting within the scope and course of his employment or agency.

24. Defendants Rockwell and M&K are liable for the negligent actions and omissions of Defendant Michael Coomer pursuant to the doctrine of respondeat superior and the rules of agency.

25. As an employer, Defendants Rockwell was also independently negligent in hiring, training, entrusting, supervising, and retaining Defendant Michael Coomer in connection with his operation of a commercial motor vehicle and for otherwise failing to act as a reasonable and prudent trucking company would under the same or similar circumstances.

26. Defendant Rockwell was at all relevant times a motor carrier as defined by the Federal Motor Carrier Safety Regulations and was engaged in interstate commerce. As such, Defendant Rockwell was at all relevant times subject to the Federal Motor Carrier Safety Regulations.

27. As a motor carrier, Defendant Rockwell had certain duties and responsibilities as defined by the Federal Motor Carrier Safety Regulations and industry standards, including the duty to properly qualify Defendant Michael Coomer, the duty to properly trained Defendant Michael Coomer, the duty to supervise the hours of service of Defendants Michael Coomer, the duty to properly inspect and maintain its vehicles, and the duty to otherwise establish and implement necessary management controls and systems for the safe operation of its commercial motor vehicles.

28. Defendant Rockwell was also independently negligent in failing to meet its duties and responsibilities under the Federal Motor Carrier Safety Regulations and industry standards.

29. As the direct and proximate result of the Defendants negligent acts, errors, and/or omissions, Minor Plaintiff sustained serious personal injuries and suffered pain, anxiety, and emotional anguish, as well as a general decrease in the enjoyment of life.

30. As a further and direct and proximate result of the events set forth in this Complaint, Minor Plaintiff has incurred medical expenses and will continue to incur such expenses in the future. Plaintiff's injuries will have a permanent, debilitating, and residual effect on Minor Plaintiff.

WHEREFORE, Minor Plaintiff demands compensatory and punitive damages against Defendant Michael J. Coomer and Rockwell Transportation, Inc., jointly and severally,

plus costs, interest, attorney's fees, delay damages, and any and all other damages the court and/or fact finder deems appropriate.

## COUNT III – NEGLIGENCE

### Maggie M. Ingram, individually v. Michael J. Coomer

31. Plaintiffs incorporate by reference all allegations contained in this Complaint.

32. At all relevant times, all named Defendant Michael Coomer, owed Plaintiff Ingram a duty of care to drive prudently, safely and within the bounds of the law, including a duty to exercise reasonable care, reasonable and prudent under the circumstances, while driving a commercial vehicle on a roadway including controlling the location, lookout, and speed of the vehicle as necessary to avoid colliding with any object, person or vehicle, including the vehicle occupied by Plaintiffs.

33. At all relevant times, Defendant Michael Coomer was a professional driver with a commercial driver's license.

34. At all relevant times, Defendant Michael Coomer, was driving a commercial motor vehicle in interstate commerce and was subject not only to Pennsylvania traffic laws and trucking safety regulations, but also the Federal Motor Carrier Safety Regulations.

35. Defendant Michael Coomer, operating the semi-truck, breached his duty of care owed to Plaintiff Ingram when he operated his commercial vehicle in such a negligent manner so as to cause the aforementioned crash, in which Plaintiff Ingram was seriously injured, in all or some of the following ways:

   a. Failure to maintain control of his vehicle;

   b. Failure to keep a proper lookout for traffic;

   c. Failure to properly apply his break as the circumstances required;

  d. Failing to maintain a safe distance from the vehicles in front of him;

  e. Failing to operate his vehicle at a reasonably safe speed as the circumstances required;

  f. Violating the Federal Motor Carrier Safety Regulations, including, without limitations, failing to operate his semitruck with trailer attached in a safe and reasonable manner; violations of which constitute negligence per se; and

  g. Otherwise failing to act reasonably and prudently as a professional commercial drier should under the circumstances.

36. The aforementioned crash and injuries were caused solely by the negligence of Defendants without any negligence or contribution on the part of the Plaintiffs.

37. As the direct and proximate result of the Defendants negligent acts, errors, and/or omissions, Plaintiff Ingram sustained serious personal injuries and suffered pain, anxiety, and emotional anguish, as well as a general decrease in the enjoyment of life.

38. As a further and direct and proximate result of the events set forth in this Complaint, Plaintiff Ingram has incurred medical expenses and will continue to incur such expenses in the future. Plaintiff's injuries will have a permanent, debilitating, and residual effect on Plaintiff Ingram.

WHEREFORE, Plaintiff Ingram demands compensatory and punitive damages against Defendant Michael J. Coomer and Rockwell Transportation, Inc., jointly and severally, plus costs, interest, attorney's fees, delay damages, and any and all other damages the court and/or fact finder deems appropriate.

### COUNT IV – NEGLIGENCE

**Maggie M. Ingram, Individually v. Rockwell Transportation, Inc.**

39. Plaintiffs incorporate by reference all allegations contained in this Complaint.

40. At all relevant times, Defendant Michael Coomer was an employee or agent of Defendant Rockwell and/or Defendant M&K, acting within the scope and course of his employment or agency.

41. Defendants Rockwell and M&K are liable for the negligent actions and omissions of Defendant Michael Coomer pursuant to the doctrine of respondeat superior and the rules of agency.

42. As an employer, Defendants Rockwell was also independently negligent in hiring, training, entrusting, supervising, and retaining Defendant Michael Coomer in connection with his operation of a commercial motor vehicle and for otherwise failing to act as a reasonable and prudent trucking company would under the same or similar circumstances.

43. Defendant Rockwell was at all relevant times a motor carrier as defined by the Federal Motor Carrier Safety Regulations and was engaged in interstate commerce. As such, Defendant Rockwell was at all relevant times subject to the Federal Motor Carrier Safety Regulations.

44. As a motor carrier, Defendant Rockwell had certain duties and responsibilities as defined by the Federal Motor Carrier Safety Regulations and industry standards, including the duty to properly qualify Defendant Michael Coomer, the duty to properly trained Defendant Michael Coomer, the duty to supervise the hours of service of Defendants Michael Coomer, the duty to properly inspect and maintain its vehicles, and the duty to otherwise establish and implement necessary management controls and systems for the safe operation of its commercial motor vehicles.

45. Defendant Rockwell was also independently negligent in failing to meet its duties and responsibilities under the Federal Motor Carrier Safety Regulations and industry standards.

46. As the direct and proximate result of the Defendants negligent acts, errors, and/or omissions, Plaintiff Ingram sustained serious personal injuries and suffered pain, anxiety, and emotional anguish, as well as a general decrease in the enjoyment of life.

47. As a further and direct and proximate result of the events set forth in this Complaint, Plaintiff Ingram has incurred medical expenses and will continue to incur such expenses in the future. Plaintiff's injuries will have a permanent, debilitating, and residual effect on Plaintiff Ingram.

WHEREFORE, Plaintiff Ingram demands compensatory and punitive damages against Defendant Michael J. Coomer and Rockwell Transportation, Inc., jointly and severally, plus costs, interest, attorney's fees, delay damages, and any and all other damages the court and/or fact finder deems appropriate.

Respectfully submitted,

LUPETIN & UNATIN, LLC

By: /s/Brendan B. Lupetin
Brendan B. Lupetin, Esquire
PA I.D #201164

The Gulf Tower, Suite 3200
707 Grant Street
Pittsburgh, PA 15219
(412) 281-4100
blupetin@pamedmal.com

Attorneys for Plaintiffs